**George W. BOLLIN, Appellant,**

v.

**AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE, Respondent.**

No. KCD 27547.

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Dean F. Arnold, B. W. Jacob, Kansas City, for appellant; Bagby, Benjamin & Arnold, Kansas City, of counsel.

Hollis H. Hanover, Kansas City, for respondent; Popham, Popham, Conway, Sweeny & Fremont, Kansas City, of counsel.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

Appellant sought construction of an insurance contract issued by the respondent, under the exclusion provisions thereof upon which the respondent had denied him coverage for an automobile accident. Appellant asks for a declaratory judgment that coverage was afforded thereunder and for reasonable attorney's fees for defense of a suit arising out of the accident. The court below denied relief on the basis of two exclusion clauses in the policy, and this appeal followed.

The parties entered into a stipulation of facts, upon which the case was submitted, which was as follows:

"STIPULATION OF FACTS

\*     \*     \*     \*     \*     \*

1. Defendant is a corporation duly organized and existing according to the law and operates an insurance business.

2. At all times contemplated by the above action, there was in force and ef-

fect, defendant's policy of automobile insurance issued to the plaintiff, a copy of the relevant portion of which is attached hereto and marked Exhibit A.

3. That Jett Motor Company of Kansas City, Missouri and Hubacher Cadillac of Sacramento, California are business entities engaged in the automobile business.

4. That prior to April 10, 1971, Jett Motors of Kansas City, Missouri had possession of a 1970 Cadillac which, in the course of the operation of its automobile business, it had sold to Hubacher Cadillac of Sacramento, California.

5. That in order to complete the transaction between Jett and Hubacher, it was necessary for Jett to procure the transporting and delivery of the aforementioned Cadillac automobile to Hubacher.

6. That the transportation of the Cadillac automobile between Jett and Hubacher was a part of the automobile business of Jett and Hubacher.

7. That in furtherance of plaintiff's personal interests to visit a relative and prior to April 10, 1971, plaintiff entered into an agreement with Jett whereby plaintiff agreed to transport the above mentioned Cadillac to Hubacher Cadillac. Plaintiff received nothing as compensation therefor, other than his transportation to California. This was the only time plaintiff entered into such arrangement.

8. That on or about April 10, 1971, and while plaintiff was engaged in transporting the aforementioned Cadillac from Jett Motors in Kansas City, Missouri to Hubacher Cadillac in Sacramento, California, he was involved in a one-car accident wherein the Cadillac in his charge left the road and sustained damage.

9. There is no evidence that plaintiff was guilty of any gross or wanton negligence, but only that the automobile left the road.

10. That at the time of the above described automobile accident, Hubacher Cadillac was insured by Universal Underwriters Insurance Company, and that company paid Hubacher for the damage to the Cadillac.

11. That thereafter there was filed before Magistrate J. J. Brady in Independence, Missouri, a lawsuit entitled *Universal Underwriters Insurance Company, plaintiff, v. George W. Bollin, Jr., defendant*, No. 43505, which is still pending on appeal to the Circuit Court.

12. That after the filing of said lawsuit plaintiff made the demand of defendant that defendant assume the defense of said lawsuit, which defendant refused to do."

The insuring portion of the contract reads:

"Coverage 1—Bodily Injury Liability: Coverage 2—Property Damage Liability. To pay on behalf of the assured all sums which the assured shall become legally obligated to pay as damages because of:

\*　　\*　　\*　　\*　　\*　　\*

2. injury to or destruction of property, including loss of use thereof, hereinafter called 'property damage'; arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the exchange shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the exchange may make such investigation and settlement of any claim or suit as it deems expedient."

The court below found that coverage was not afforded to the insured under policy Exclusions (f)(1) and (g)(2), but since the Exclusion (f)(1) is decisive of this case, it is the only one which need be considered. It provides:

"Exclusions. *This policy does not apply*
\* \* \*

\* \* \* \* \* \*

(f) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in

(1) *the automobile business of the assured or of any other person or organization;*

\* \* \*" (Emphasis supplied)

In the stipulation of facts above set forth, paragraph 6, the parties specifically agree that the transportation of the Cadillac in which the insured was engaged at the time of the loss "was a part of the automobile business of Jett and Hubacher." The unambiguous and clear exclusion of (f)(1) above set forth under the stipulated facts becomes operative and withdraws coverage under the policy.

But the insured asserts that he personally was not engaged in the automobile business during his journey to California; that such journey involved strictly a "one-time use" of the automobile by him for a personal (to visit relatives) and not a business reason; that such use of the non-owned automobile was clearly contemplated by his insurance policy; and that it afforded him protection and coverage for any liability imposed upon him as a result of such use and specifically the liability to the Universal Underwriters Insurance Company, Hubacher's insurer, sought to be imposed in the pending lawsuit.

In support of this position, he places principal reliance upon the case of *Helmich v. Northwestern Mutual Insurance Co.*, 376 F.2d 420 (CCA 7–1967), a case involving very similar facts but a policy exclusion provision vastly different and clearly distinguishable from the one involved here as above quoted. In *Helmich*, the exclusion clause provided in pertinent part, as follows:

"This policy does not apply \* \* \*

(h) to a non-owned automobile while used

(1) in the automobile business by the insured \* \* \*"

"Automobile business" was defined in the *Helmich* policy as "the business or occupation of selling, repairing, servicing, storing or parking of automobiles." (376 F.2d, l.c. 422). The court in *Helmich* properly held that a student driving an automobile back to his school for an automobile dealer, solely for his own transportation and with no financial interest in the trip, was not within the above exclusion and definition. *Helmich* is not authoritative nor applicable to the case at bar.

The decisive question here is, not whether the appellant was himself engaged in the automobile business at the time of the accident, but rather whether he was engaged in the automobile business of "any other person or organization", a question which must be answered in the affirmative by reason of the stipulated fact that he was engaged in the automobile business of Jett Motor Company and Hubacher Cadillac.

The case of *Western Casualty & Surety Company v. Verhulst*, 471 S.W.2d 187 (Mo. 1971) is dispositive of this case. In *Western*, the insured, Wuthrich, agreed with a Moberly, Missouri used car dealer, Wood, to drive a used car purchased by Wood in St. Louis to Kansas City for auction. Due to a mishap and at Wood's direction, Wuthrich was obliged to drive the car from Columbia, Missouri back to Moberly rather than to Kansas City. En route an accident occurred which resulted in litigation. Wood's insurance company paid its policy limits, but Wuthrich's insurer denied him coverage under a policy exclusion, which provided, in pertinent part:

"(d) this insuring agreement does not apply to any automobile \* \* \* (3) while maintained or used by any person while such person is employed or otherwise engaged in (i) *the automobile business* of the insured *or of any other person or organization.*" (Emphasis supplied)

The court in *Western* affirmed the judgment of the lower court in a declaratory judgment action that the above exclusionary clause was applicable and that Wuthrich's liability was not covered under the policy, and said (471 S.W.2d, at l.c. 190):

" * * * Mr. Wuthrich (the insured) may not have been engaged in the 'automobile business' in the sense or degree that Wood (the dealer) was but his trip that day and on several other occasions was certainly a necessary and integral part of Wood's overall used-car business within the exclusionary clause of this policy * * * "

The trial court properly held under the stipulated facts, the terms of the policy and the controlling law, that coverage was not afforded the appellant by reason of exclusion (f)(1), and it is therefore unnecessary to consider the other exclusionary clause (g)(2), brought to issue.

The judgment is affirmed.

All concur.